7 F.3d 238
 1994 A.M.C. 608
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
TAISHO MARINE AND FIRE INSURANCE, COMPANY, LIMITED as
subrogee of Hamai Machine Tools of America, Inc.,
Plaintiff-Appellant,
v.
MAERSK LINE, INC., Bridge Terminal Transport, Inc., and the
vessel M/V ARNOLD MAERSK, its engine, tackle,
equipment and furnishings, Defendants-Appellees.
 Nos. 92-2802, 92-3161.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 14, 1993.
Decided Oct. 12, 1993.
 
 Before BAUER and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 As subrogee to its insured, Hamai Machine Tools, plaintiff-appellant Taisho Marine and Fire Insurance seeks to recover losses in excess of $50,000 which it suffered after a piece of equipment shipped by Hamai from Tokyo, Japan to Chicago, Illinois was damaged en route. Hamai had contracted for the entire carriage with defendant-appellee, Maersk Line Inc., a marine shipping company. Maersk Line hired defendant-appellee, Bridge Transport to haul the cargo from a Chicago railyard to its final destination at Maersk Line's container yard. During this phase of the transport, the equipment was damaged. Taisho argues that Maersk Line's bill of lading does not adequately extend its limitation of liability protection to inland carriage and inland carriers. Taisho is a foreign corporation with its principal place of business in Japan. Maersk Line and Bridge Transport are both Delaware corporations with their principal places of business located in New Jersey.
 
 
 2
 In the district court, plaintiffs asserted federal question jurisdiction (28 U.S.C. § 1331) based on the Carriage of Goods by Sea Act, 46 U.S.C.App. §§ 1300-1315, the Harter Act, 46 U.S.C.App. §§ 190-96, and the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707. Plaintiffs also asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and supplemental jurisdiction over state law claims.
 
 
 3
 The district court granted summary judgment in favor of the defendants and Taisho appealed. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 4
 The district court's opinion is published at 796 F.Supp. 336 (N.D.Ill.1992). The district judge analyzed plaintiff's claims thoughtfully and correctly. We agree with its determination and accordingly we affirm the district court judgment and adopt its opinion as the opinion of this court.